## Hazard *v.* Bank of Hickory Flat.*

(Division B. Nov. 19, 1928. Suggestion of Error Overruled Dec. 17, 1928.)

[119 So. 173. No. 27207.]

---

*Corpus Juris-Cyc References: Appeal and Error, 4 CJ, section 2728, p. 779, n. 76; Recoupment, Set-off and Counterclaim, 34 Cyc, p. 637, n. 75.

*Lester G. Fant* and *B. F. Worsham,* for appellant.

*Chas. Lee Crum,* for appellee.

Argued orally by *Lester G. Fant*, for appellant.

ETHRIDGE, P. J.   The Bank of Hickory Flat, appellee here, filed suit in the circuit court of Alcorn county, against G. A. Hazard, appellant here, on a promissory note for two thousand three hundred and twenty-one dollars and interest from July 3, 1926, at the rate of eight per cent., and attorney's fees.   The defendant, Hazard, made a motion to transfer the case to the chancery court, on the ground that he had equitable defenses which could not be availed of in the circuit court, and because the rights of the parties could not be intelligently ascertained and determined without an accounting between them, setting up in said motion that he owned two notes payable to himself, one for nine thousand dollars, dated Decem-

ber 1, 1925, signed by D. G. Baker and J. M. Welch, but really constituting an obligation of the bank of which they were the controlling officers, and a second note was for two thousand dollars, and was also signed by D. G. Baker; that, while said two-thousand-dollar note was payable to the First National Bank, it was really the property of the Bank of Hickory Flat. Said motion also set forth certain credits on the last-named note.

The motion to transfer the case to the chancery court was sustained, and the case was so transferred and the pleadings made up in accordance with the rules of. the chancery court. In these pleadings, Hazard set up his defense to the note, and prayed for an equitable set-off, and for cancellation of the note sued on, and for a decree for the difference between the amount of the notes held by defendant and the note sued on by the Bank of Hickory Flat.

There was considerable testimony taken, from which the chancellor found that the transaction between G. A. Hazard and the Bank of Hickory Flat was made for the benefit of the bank; that the bank was in trouble about the collection of certain debts owing to it by the Hickory Flat Lumber Company, which company was controlled by Baker and Welch, who were then threatened with bankruptcy, and that, in order to keep the Hickory Flat Lumber Company running, it was necessary to make the agreement referred to, and that the knowledge of the officers conducting the negotiations for the nine-thousand-dollar note would be imputed to the bank; but that it was doubtful, and the chancellor could not say from a preponderance of the evidence that the transaction was made on the credit of the bank. The chancellor was further of the opinion that the bank had collected money from the proceeds of lumber sold by the Hickory Flat Lumber Company, and mingled the funds therefrom with other funds, applying part of the funds to the discharge of the debt owing the bank by the Hickory Flat Lumber Company.

The chancellor thereupon, without specifically finding the amount of the conversion, held that G. A. Hazard was entitled to an offset against his note for the full amount thereof, and dismissed the bank's bill, and also dismissed the cross-bill's prayer for judgment over for the difference of the nine-thousand-dollar note.

There is considerable conflict in the evidence as to whether the transaction made by Baker and Welch with Hazard was for the benefit of the bank, or whether it was their individual deal alone.

We think the effect of the chancellor's holding is to the effect that the bank converted enough of the proceeds derived from the sale of lumber which Hazard sold to Baker and Welch, and applied same, to pay its own debts against the lumber company and no more, and, in so holding, we think the chancellor was justified by the case of *Bank of Pachuta* v. *Vossburg Lumber Co.,* 113 Miss. 706, 74 So. 622.

The judgment of the court below will therefore be affirmed, and each of the parties taxed with one-half of the costs of appeal.

*Affirmed.*